**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **BILL MONTES,** ) | |
| ) | |
| ) | **Civ. Action No. 4:15-cv-383** |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **Jury Demand** |
| **THE LINCOLN NATIONAL LIFE** ) | |
| **INSURANCE COMPANY,** ) | **Electronically Filed** |
| ) | |
| **Defendant.** ) | |

---

**NOTICE OF REMOVAL**

---

Defendant, The Lincoln National Life Insurance Company ("Lincoln National"), pursuant to the provisions of 28 U.S.C. § 1441 and 28 U.S.C. § 1446, respectfully submits this Notice of Removal for the purpose of removing the above-captioned action from the District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas. As grounds for this Notice of Removal, Lincoln National states as follows:

1. On or about February 11, 2015, Plaintiff Bill Montes filed a Complaint and Summons in the above-captioned action in the District Court for Tarrant County, Texas, Case No. 096-276871-15.

2. Lincoln National was served with a copy of the Complaint and Summons through service on Lincoln National's registered agent for service of process in the State of Texas, Corporation Service Company, on April 22, 2015, a date less than 30 days before the filing of this Notice of Removal.

3. This action is of a civil nature wherein the Plaintiff seeks the recovery of certain long term disability benefits that he alleges are due under the terms of an employee welfare benefit plan sponsored by Plaintiff's former employer (the "Plan"), the Decatur Independent School District.

4.       Long term disability benefits under the Plan are funded by group long term disability insurance policy no. 00086006194800000-1 (the "LTD Policy") issued by Lincoln National's predecessor, Jefferson Pilot Financial Insurance Company.  Declaration of Cindy Daly ("Daly Decl.") ¶ 6, Ex. 1.[1]

5.       Removal is proper because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  First, the parties are citizens of different states. Specifically, Defendant, The Lincoln National Life Insurance Company, is organized and existing pursuant to the laws of the State of Indiana with its principal place of business located Radnor, Pennsylvania. 28 U.S.C. § 1132(c)(1).  Daly Decl. ¶ 3.  Plaintiff is a citizen and resident of Tarrant County, Texas.  Complaint, ¶ 2; 28 U.S.C. § 1332(c)(2).  Therefore, there is complete diversity among the parties.

6.       Second, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  In this case, Plaintiff has filed suit asserting numerous causes of action stemming from Lincoln National's alleged improper denial of his claim for long term disability benefits under the LTD Policy issued by Lincoln National's predecessor-in-interest, Jefferson Pilot. *See generally* Complaint.  Plaintiff alleges that Lincoln National breached the LTD Policy, breached its common law duty of good faith and fair dealing, and violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act.  *See generally* Complaint.  Although Plaintiff has not alleged a specific amount of damages, he alleges that Lincoln National's misconduct entitles him to, *inter alia*, damages including benefits under the LTD Policy, statutory additional damages, treble damages, attorneys' fees and costs incurred in prosecuting the lawsuit.  *See* Complaint, Prayer for Relief, ¶ 20.

---

[1]       The Declaration of Cindy Daly has been filed contemporaneously with this Notice of Removal.

7.       Where a plaintiff's state court petition does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in order to establish jurisdiction. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).   In determining the amount in controversy, the district court considers items for which the defendant can be liable under state law, including, contractual damages, attorneys' fees, penalties, statutory damages and punitive damages. *St. Paul Reinsurance Co.*, 134 F.3d at 1253; *accord Wofford v. Allstate Ins. Co.*, No. Civ. A. 304CV2699-M, 2005 WL 755761 at *2 (N.D. Tex. Apr. 4, 2005) (citations omitted).

8.       In the present case, Plaintiff's potential recovery far exceeds the jurisdictional minimum.   First, the Plaintiff alleges that he is entitled to recover his damages "including benefits under The Policy."   Complaint, Prayer for Relief, ¶ 20.   Plaintiff alleges that he became disabled on or about September 17, 2010 and that Lincoln National thereafter refused to pay him benefits.   Complaint ¶ 7.   The maximum benefit period for a disability that begins prior to the time the claimant is 60 years old is to age 65.   Daly Decl. ¶ 6, Ex. 1.   The LTD Policy further provides that long term disability benefits will be paid until the earliest of (i) the date the Plaintiff ceases to be "totally disabled," as that term is defined under the LTD Policy or dies, (ii) the date on which the Maximum Benefit Period ends (which in this case is age 65), (iii) the date on which Plaintiff is able, but chooses not to engage in Partial Disability employment, as defined under the LTD Policy, in his Own Occupation, during the Own Occupation Period or in any occupation, after the Own Occupation Period; (iv) the date Plaintiff fails to take a required medical exam without good cause; (v) the 60th day after the Plaintiff fails to provide additional proof of disability upon Lincoln National's request; and (vi) the date the claimant fails to participate in good faith in a vocational rehabilitation program, where such program is mandatory under the terms of the LTD Policy.   Daly Decl. ¶ 9, Ex. 1.

9.      Lincoln National determined that Plaintiff was eligible to receive long term disability benefits under the LTD Policy through March 16, 2013, at which time Plaintiff was 56.75 years old.  Daly Decl., ¶ 9.  Assuming that Plaintiff were found to be "Totally Disabled" under the LTD Policy and otherwise eligible to receive benefits under the LTD Policy, Plaintiff's gross monthly benefit is equal to $2,440.25.  Daly Decl., ¶ 10.  If Plaintiff were to receive long-term disability benefits under the LTD Policy for the maximum benefit period, he would be entitled to $329,433.75 in gross long term disability benefits alone.  Daly Decl. ¶ 10.  If Plaintiff were to prevail in this lawsuit under the numerous theories of recovery he alleges, he would be entitled to a recovery in excess of $75,000, exclusive of interest and costs.  Therefore the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

10.     Pursuant to  28 U.S.C. §1441(a) and Local Rule 81, this Notice of Removal is accompanied by copies of the following documents which are incorporated herein by reference:

Exhibit A      An index of matters being filed

Exhibit B      All executed process in the case

Exhibit C      Plaintiff's Original Petition and Request for Disclosure

Exhibit D      Docket Sheet

Exhibit E      A list of all counsel of record, including addresses, telephone numbers and parties represented; and

Exhibit F      Notice of Notice of Removal in State Court Action

11.      No other process, pleadings or orders have been filed in connection with this action in the District Court for Tarrant County, Texas, Case No. 096-276871-15.

WHEREFORE, Defendant, The Lincoln National Life Insurance Company, respectfully submits, based upon the allegations set forth in this Notice of Removal, that this action is properly removed and request that this Court retain jurisdiction over this action.

Dated:  May 19, 2015.

Respectfully submitted,


/s/ John M. Scannapieco
John M. Scannapieco
Tenn. Reg. No. 14473
BAKER DONELSON BEARMAN CALDWELL &
BERKOWITZ, P.C.
211 Commerce Street, Suite 800
Nashville, Tennessee 37201
(615) 726-5648
jscannapieco@bakerdonelson.com

*Attorneys for Defendant, The Lincoln National Life
Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically by operation of the Court's electronic filing system or via U.S. first class mail, postage pre-paid, to Marc S. Whitehead, Marc Whitehead & Associates, LLP, 5300 Memorial Drive, Suite 725, Houston, Texas 77007 on this 19th day of May, 2015.

/s/ John M. Scannapieco
John M. Scannapieco